# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 15, 2010

No. 09-50025
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

       Plaintiff - Appellee

v.

ALBERTO CEJA,

       Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:08-CR-55-1

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Alberto Ceja appeals his jury-trial conviction for conspiracy to distribute cocaine and methamphetamine[1] and for possession with intent to distribute at least 50 grams of meth and aiding and abetting.[2]  Before getting to the merits, we must address Ceja's motions to supplement the record with juror

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 21 U.S.C. §§ 841 & 846.

[2] 21 U.S.C. § 841; 18 U.S.C. § 2.

questionaries and with notes between the jury and judge.[3]

Federal Rule of Appellate Procedure 10(e)(2)(C) grants us authority to supplement the record with "anything material to either party" that has been "omitted from or misstated in the record by error or accident." Ceja urges that the juror questionnaires were erroneously omitted from the record, and he needs to evaluate them for his *Batson*[4] claim of race-based peremptory challenges. We DENY the request, because Ceja cannot show the documents to be "material." He has, in fact, waived his *Batson* claim. We have held that "a defendant waives objection to a peremptory challenge by failing to dispute the prosecutor's explanations."[5] Ceja questioned the prosecution's striking of a man and a woman venireperson, each a minority. The prosecution explained it struck the woman for falling asleep and the man for working a similar job as the defendant. The prosecution, of its own initiative and by way of comparative analysis, noted four other venirepersons (presumably not minorities) struck for the same work-related reason. Ceja did not challenge these race-neutral explanations,[6]

---

[3] Although Ceja moved the district court for these documents, he did so after filing his notice of appeal – so the district court did not have jurisdiction to grant the request. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

[4] *Batson v. Kentucky*, 476 U.S. 79 (1986).

[5] *United States v. Arce*, 997 F.2d 1123, 1127 (5th Cir. 1993) (citing *United States v. Rudas*, 905 F.2d 38, 41 (2d Cir. 1990) ("Once the Government has offered reasons for its peremptory challenges, defense counsel must expressly indicate an intention to pursue the *Batson* claim.")); *see also United States v. Brent*, 300 F. App'x 267, 270, 272 (5th Cir. 2008) (unpublished) (explaining that the defendant waived his *Batson* claim because he "objected to the government's peremptory strike but did not challenge the prosecution's race-neutral explanation"). Though the caselaw contains some contradiction, *Arce*'s waiver rule may not apply in capital cases, *see Fields v. Thaler*, 588 F.3d 270, 276 & n.3 (5th Cir. 2009) (noting the inconsistency), but this is not a capital case.

[6] *See* Voir Dire Proceedings (Sealed), Supp. R. at 61–62 ("Nothing further, Judge.").

appearing to acquiesce in them.[7]

The jury notes here are similarly immaterial. The government concedes that a defendant has the right to be notified when the court receives communications from the jury so that he can be afforded the opportunity to be heard.[8] The record reflects that the jury sent three notes to the judge, and the parties agree it is unclear whether the defendant ever knew about the notes. This court, in the interest of judicial economy, has looked at the sealed jury notes, which: (1) ask for a smoke break; (2) request lunch; and (3) inform the judge they have reached a verdict. None of these communications plausibly affect Ceja's appeal, so we DENY the request to supplement. We also DENY as moot Ceja's alternative motion to file supplemental briefing.

Moving to the substance of Ceja's appeal, he argues that – after he did not testify at trial – the district court erred in failing to give a no adverse inference instruction to the jury. Ceja concedes that plain-error review applies. "A criminal defendant has a Fifth Amendment right for a judge, *upon the defendant's request*, to instruct a jury not to make any adverse inferences based on the defendant's election not to testify."[9] Ceja did not request the instruction,

---

[7] *See Arce*, 997 F.2d at 1127. We note that even if Ceja had not waived his *Batson* claim, the full voir dire proceeding contained in the appellate record supports the prosecution's race-neutral explanations and Ceja did not before this court brief his *Batson* claim's merits.

[8] *See United States v. Bieganowski*, 313 F.3d 264, 293 (5th Cir. 2002) (stating the rule and noting this court must review for harmless error).

[9] *United States v. Percel*, 553 F.3d 903, 909 (5th Cir. 2008) (citing *Carter v. Kentucky*, 450 U.S. 288, 300 (1981)) (emphasis supplied); *see also Beathard v. Johnson*, 177 F.3d 340, 350 (5th Cir. 1999) (*"Upon request of a defendant*, a trial court shall instruct jurors that they may not draw any adverse inference from a defendant's failure to testify . . . ." (emphasis supplied)); *United States v. Flores*, 63 F.3d 1342, 1376 (5th Cir. 1995) ("As the *Carter* Court itself clarified, 'a criminal trial judge must give a 'no-adverse-inference' jury instruction *when requested by a defendant to do so.'*" (quoting *Carter*, 450 U.S. at 300) (emphasis in original)). The Supreme Court has long interpreted *Carter* to require the no adverse inference instruction only when the defendant requests it. *See, e.g., Portuondo v. Agard*, 529 U.S. 61, 67 (2000) ("The defendant's right to hold the prosecution to proving its case without his assistance is not to be impaired by the jury's counting the defendant's silence at trial against him – and upon request the court must instruct the jury to that effect."); *James v. Kentucky*, 466 U.S. 341, 349 (1984)

so it is hard to see how he could show any error to be "plain." In any event, he cannot meet plain-error review's third prong, which "requires the defendant to show that the error 'affected the outcome of the district court proceedings.'"[10]

In *United States v. Percel*, this court refused to find plain error where the district judge gave the wrong no adverse inference jury instruction, because "there [wa]s not a reasonable likelihood that the jury would have applied the judge's erroneous oral instructions unconstitutionally."[11] Key to the court's analysis was that the district judge had given the proper instruction during voir dire.[12] In *United States v. Flores*, this court concluded that the district court's failure spontaneously to give the no adverse inference instruction did not affect the defendant's substantial rights, based in part on the overwhelming evidence against him.[13] *United States v. Ramirez* came out the same way.[14]

The district judge here gave the proper instruction several times at voir dire and – immediately before reading the final instructions – explained to the jury that for hundreds of years juries have not been allowed to consider the fact that the defendant did not testify. The evidence against Ceja was overwhelming, including half-a-dozen witnesses consistently describing how Ceja ran a drug distribution ring. In short, we are not persuaded that the district court's omission resulted in a "substantial and injurious effect or influence in

---

("*Carter* holds that if asked to do so the trial court must tell the jury not to draw the impermissible inference."). Additionally, this court has held that the district judge must instruct the jury when the prosecution comments on the defendant's silence. *See United States v. Griffith*, 118 F.3d 318, 325 n.7 (5th Cir. 1997). Here, Ceja never requested the instruction and the prosecution never commented on his silence.

[10] *United States v. John*, 597 F.3d 263, 284 (5th Cir. 2010) (quoting *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009)).

[11] *See* 553 F.3d at 909–10.

[12] *See id.*

[13] *See* 63 F.3d at 1375–76.

[14] *See* 810 F.2d 1338, 1343–44 (5th Cir. 1987).

determining the verdict."[15]

The district court committed no reversible error.  AFFIRMED.

---

[15] *United States v. Dominguez Benitez*, 542 U.S. 74, 81 (2004) (quotation marks and alteration omitted).