

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00245-CR

Saul **LINO-PORCAYO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 241st District Court, Smith County, Texas
Trial Court No. 241-0304-11
Honorable Jack Skeen Jr., Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Karen Angelini, Justice
Sandee Bryan Marion, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  June 26, 2013

AFFIRMED

Appellant Saul Lino-Porcayo was indicted for intentionally and knowingly causing serious bodily injury to a child.  Appellant pled not guilty and was convicted by a jury of the lesser-included offense of recklessly causing serious bodily injury to a child.  The same jury assessed punishment of twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice.  On appeal, Appellant asserts the trial court erred in overruling his *Batson* challenge.  Because Appellant failed to preserve this issue for appeal, we affirm the trial court's judgment.

*BATSON* **CHALLENGE**

In his sole point of error, Appellant argues the trial court erred in overruling his *Batson* challenge.

## A. Standard of Review and Applicable Law

"We review the record of the *Batson* hearing and the voir dire examination in the light most favorable to the trial court's ruling. We will not disturb a trial court's ruling on a *Batson* issue unless it is clearly erroneous." *Morris v. State*, 940 S.W.2d 610, 612 (Tex. Crim. App. 1996) (citations omitted); *see also Williams v. State*, 804 S.W.2d 95, 101 (Tex. Crim. App. 1991).

The Equal Protection Clause of the Fourteenth Amendment and article 35.261 of the Texas Code of Criminal Procedure prohibit the "challenge [of] potential jurors solely on account of their race." *See Batson v. Kentucky*, 476 U.S. 79, 89 (1986), *holding modified by Powers v. Ohio*, 499 U.S. 400 (1991), *as recognized by Salazar v. State*, 818 S.W.2d 405, 407–08 (Tex. Crim. App. 1991); TEX. CODE CRIM. PROC. ANN. art. 35.261 (West 2006); *Adair v. State*, 336 S.W.3d 680, 685 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). In challenging the State's use of peremptory challenges as discriminatory, the defendant bears the initial burden to present a prima facie case of purposeful racial discrimination by the State. *Batson*, 476 U.S. at 91–96; *Holt v. State*, 912 S.W.2d 294, 297 (Tex. App.—San Antonio 1995, pet. ref'd). Once the defendant establishes a prima facie case, the burden of production shifts to the State to provide a race-neutral explanation for its peremptory strikes. *See Batson*, 476 U.S. at 97; *Holt*, 912 S.W.2d at 297. Unless the State's explanation is inherently discriminatory, "'the reason offered will be deemed race neutral.'" *Purkett v. Elem*, 514 U.S. 765, 767 (1995) (per curiam) (quoting *Hernandez v. New York*, 500 U.S. 352, 360 (1991) (plurality opinion)); *Holt*, 912 S.W.2d at 297. If the State satisfies its burden of production, the appellant must "continue[] to sustain his burden of persuasion in establishing purposeful racial discrimination by the State's use of peremptory challenges, thus rebutting any

race neutral explanation given at the *Batson* hearing." *Williams*, 804 S.W.2d at 101; *see Purkett*, 514 U.S. at 767; *Atkins v. State*, 919 S.W.2d 770, 775 (Tex. App.—Houston [14th Dist.] 1996, no pet.) ("If the State articulates a race-neutral explanation, the defendant must establish purposeful racial discrimination by impeaching or rebutting the explanation or showing that the explanation is merely a pretext for discrimination."). "It is not enough merely to show that a proffered explanation turns out to be incorrect. Moreover, a party's failure to offer any real rebuttal to a proffered race neutral explanation can be fatal to his claim." *Johnson v. State*, 68 S.W.3d 644, 649 (Tex. Crim. App. 2002) (citation omitted).

If, after viewing the evidence in the light most favorable to the trial court's ruling, we determine that Appellant has not overcome the State's proffered justifications, we "will deem the trial court's ultimate conclusion that there was no purposeful discrimination in the State's exercise of its peremptory challenges as not 'clearly erroneous.'" *Williams*, 804 S.W.2d at 101; *see Purkett*, 514 U.S. at 767.

**B. Analysis**

Appellant asserts the State used its peremptory challenges to racially discriminate against potential African-American jurors. Appellant concedes that he did not challenge the State's race-neutral explanations at trial, and that the State's explanation, on its face, did not reveal an inherently discriminatory intent. However, Appellant contends that "when viewed with the benefit of having the record at hand, the State's proffered reason is revealed to have no basis in fact." The State asserts that Appellant failed to preserve this issue for appeal.

An appellant's failure to dispute the State's facially race-neutral explanation in the trial court waives the party's right to object to it on appeal. *See United States v. Arce*, 997 F.2d 1123, 1126–27 (5th Cir. 1993); *see also United States v. Ceja*, 387 F. App'x 441, 443 (5th Cir. 2010) (per curiam); *United States v. Rudas*, 905 F.2d 38, 41 (2d Cir. 1990); *Adair*, 336 S.W.3d at 689–

90 (citing *Arce* and *Rudas*) ("[T]he authority allowing for a comparative analysis for the first time on appeal does not excuse defense counsel from making any rebuttal argument whatsoever.").

At the close of voir dire, Appellant made a *Batson* challenge as to veniremembers 31 and 33 on the basis of racial discrimination. The State then offered its race-neutral reasons for challenging veniremembers 31 and 33. The State explained that the basis of its strike was that veniremember 31 agreed to free nine guilty people rather than convict one innocent person, and veniremember 33 refused to respond to the same question. Appellant concedes that this explanation was not inherently discriminatory. *See Purkett*, 514 U.S. at 767; *Holt*, 912 S.W.2d at 297. When asked "Do you need time to cross-examine?" Appellant responded "I have no questions, Judge." At the conclusion of the *Batson* hearing, the court found that even if Appellant had established a prima facie case, the State's strikes were based on race-neutral reasons.

Appellant chose not to challenge the State's race-neutral explanations, and thus appeared to acquiesce in them. *See Ceja*, 387 F. App'x at 443; *Arce*, 997 F.2d at 1126–27; *Rudas*, 905 F.2d at 41; *Adair*, 336 S.W.3d at 689–90. By failing to dispute the State's facially race-neutral explanations in the trial court, Appellant waived his right to object to them on appeal. *See Ceja*, 387 F. App'x at 443; *Arce*, 997 F.2d at 1126–27; *Rudas*, 905 F.2d at 41; *Adair*, 336 S.W.3d at 689–90.

## CONCLUSION

Appellant concedes that he did not challenge the State's race-neutral explanations at trial, and that the State's explanation, on its face, did not reveal an inherently discriminatory intent. Because Appellant failed to dispute the State's facially race-neutral explanations in the trial court, he waived his *Batson* challenge. Therefore, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice

DO NOT PUBLISH