993 F.2d 883
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vance Allen MCFARLAND, Petitioner-Appellant,
v.
EASTERN WASHINGTON PRERELEASE, et al., Respondent-Appellee.
 No. 92-35527.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 4, 1993.
Decided May 7, 1993.
 
 Before WRIGHT, ALARCON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vance Allen McFarland appeals the denial of his petition for a writ of habeas corpus. He claims the Washington Department of Corrections miscalculated his good time credits for time served in the Clark County jail. We affirm the denial of the petition.
 
 
 3
 The district court held McFarland's claim was procedurally defaulted under state law. "[A]n adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.' " Harris v. Reed, 489 U.S. 255, 263 (1989) (citations omitted). "[T]he last state court rendering a judgment in the case" must "clearly and expressly state[ ] that its judgment rests on a state procedural bar." Id. at 263.
 
 
 4
 The Washington Court of Appeals clearly and expressly held McFarland's claim was procedurally barred under Wash.Rev.Code § 10.73.140 because McFarland had presented it in a previous personal restraint petition. The Washington Supreme Court denied discretionary review. That court, too, clearly and expressly indicated the claim was barred from review under Wash.R.App.P. 16.4(d) and Wash.Rev.Code § 10.73.140.
 
 
 5
 At no time has McFarland shown cause and prejudice for the default, nor that a "fundamental miscarriage of justice" would result if the claim was not reviewed by the district court. Harris, 489 U.S. at 263. Neither has McFarland demonstrated that the procedural rules relied upon by the state are not "firmly established and regularly followed." James v. Kentucky, 466 U.S. 341, 348 (1984).
 
 
 6
 The petition for a writ of habeas corpus is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3