

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-23-2006

# Simmons v. PA Bd Probation

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3042

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Simmons v. PA Bd Probation" (2006). *2006 Decisions.* Paper 560.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/560

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-299                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO: 04-3042

RICHARD M. SIMMONS,
Appellant

v.

PENNSYLVANIA BOARD OF PROBATION AND PAROLE;
PENNSYLVANIA ATTORNEY GENERAL

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 04-cv-01001)
District Judge: Honorable John E. Jones III

_____

Submitted Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
August 10, 2006
Before: FUENTES, VANANTWERPEN AND CHAGARES, Circuit Judges

(Filed: August 23, 2006 )

_____

OPINION

_____

PER CURIAM

Appellant Richard Simmons filed a petition pursuant to 28 U.S.C. § 2254 in the

United States District Court for the Middle District of Pennsylvania. He claimed that the

Pennsylvania Parole Board violated the Ex Post Facto Clause by applying the amended

version of the Parole Act of 1941, as amended, 61 P.S. § 331.1 et seq. Instead of

exhausting his claim in the state courts, see 28 U.S.C. § 2254(b)(1)(A), he brought the

claim immediately in the District Court arguing that it would be futile to pursue the claim

in Pennsylvania. The District Court overruled a Magistrate Judge's report and

recommendation, and dismissed the petition without prejudice for failure to exhaust.

Simmons appealed.

On December 17, 2004, we granted Simmons' request for a certificate of

appealability stating:

> The foregoing request for a certificate of appealability is granted as to the
> following issue: whether the District Court erred in dismissing Appellant's petition
> for writ of habeas corpus without prejudice for failure to exhaust state remedies.
> See 28 U.S.C. § 2254(b)(1)(A). In their briefs, the parties shall address whether
> exhaustion of state court remedies may be excused as futile based on the
> Pennsylvania Supreme Court's unfavorable rulings on claims alleging that the
> application of the post-1996 Pennsylvania Parole Act standards violates the Ex
> Post Facto Clause. See Lines v. Larkins, 208 F.3d 153, 162 (3d Cir. 2000). If
> Appellant wishes for the Court to appoint counsel to represent him in this appeal
> under I.O.P. 10.3.2, he must submit a motion for leave to appeal in forma pauperis
> and an affidavit in support thereof not later than 21 days after the date of this
> order.

Last year, we decided Parker v. Kelchner, 429 F.3d 58 (3d Cir. 2005). Parker also

involved a Pennsylvania inmate who attempted to raise an ex post facto challenge to the

Parole Board's decision without first exhausting his claim. We held:

> We agree with our sister Circuits and hold here that likely futility on the merits
> (even if it were present here) in state court of a petitioner's habeas claim does not
> render that claim "exhausted" within the meaning of § 2254(b)(1)(A) so as to
> excuse the petitioner's failure to exhaust that claim by presenting it in state court
> before asserting in a federal habeas petition.

Id. at 64. We find no distinguishing elements between Parker and the instant case.

2

Parker is dispositive and the claim is unexhausted.

We note that Simmons' claim is not necessarily procedurally defaulted. Under Pennsylvania law, Simmons can challenge the denial of parole by petitioning for a writ of mandamus. See Richardson v. Pennsylvania Bd. of Probation and Parole, 423 F.3d 282, 285 (3d Cir. 2005) citing Coady v. Vaughn, 778 A.2d 287, 290 (Pa. 2001) (explaining that mandamus is the proper avenue for relief from the denial of a parole decision). While we recognize that it is possible that Simmons should have filed his mandamus petition within six months of issuance of the Parole Board's decision, see 42 Pa.C.S. § 5522(b)(1); Tulio v. Beard, 858 A.2d 156, 160 (Pa. Cmwlth. 2004) (finding a six month statute of limitation applicable in similar circumstances), in order for us to find procedural default, state law must "clearly foreclose state court review of [the] unexhausted claim[]." Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir.1993).

As explained by the Supreme Court in James v. Kentucky, 466 U.S. 341, 348-351 (1984), only a "firmly established and regularly followed state practice" may be interposed by a state to prevent subsequent review in federal court of a federal constitutional claim. We are not convinced that § 5522(b)(1) fits this bill. Although several cases apply § 5522 to mandamus petition, none applies the provision in a context similar to the one presented by the instant appeal. See, e.g., Township of Bensalem v. Moore, 620 A.2d 76, 79-80 (Pa. Cmwlth. 1993) (citing several additional cases). As we have stated on numerous occasions, "[i]f the federal court is uncertain how a state court

3

would resolve a procedural default issue, it should dismiss the petition for failure to exhaust state remedies even if it is unlikely that the state court would consider the merits to ensure that, in the interests of comity and federalism, state courts are given every opportunity to address claims arising from state proceedings." Lines v. Larkins, 208 F.3d 153, 163 (3d Cir. 2000), citing Doctor v. Walters, 96 F.3d 675 (3rd Cir.1996).

We will therefore affirm the District Court's order dismissing Simmons' § 2254 petition.