# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-3249

———————

Paul E. Welch,

              Appellant,

    v.

Mark Lund,

              Appellee.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Southern District of Iowa.
\*
\*
\*

———————

Submitted: June 16, 2010
Filed: August 5, 2010

———————

Before RILEY, Chief Judge, CLEVENGER,[1] and COLLOTON, Circuit Judges.

———————

COLLOTON, Circuit Judge.

Paul Welch, an Iowa prisoner, appeals the judgment of the district court[2] dismissing his petition for a writ of habeas corpus. He argues that the district court erred in concluding that he procedurally defaulted several claims by failing to exhaust them in the Iowa state courts. We affirm.

---

[1]The Honorable Raymond C. Clevenger, III, Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

[2]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

I.

In 2001, an Iowa jury convicted Paul Welch on eight counts of second-degree sexual abuse of minor C.B., and eleven counts of third-degree sexual abuse of minor A.J. The district court sentenced him to a total of 35 years' imprisonment. The Iowa Court of Appeals affirmed his convictions on direct appeal.

In 2004, Welch filed an application for postconviction relief in the state trial court, raising several constitutional claims. The trial court denied relief, and the court of appeals affirmed. On July 3, 2007, Welch, acting *pro se*, mailed a motion that he titled "motion for expanded [a]nd corrected findings and conclusion of my post-conviction appeal hearing" to the Iowa Court of Appeals. This motion was summarily denied in September 2007 in an order signed by the chief judge of the court of appeals.

In 2008, Welch filed a *pro se* petition for writ of habeas corpus in federal district court. The court appointed counsel to represent Welch, and Welch then filed an amended petition through counsel that raised sixteen grounds for relief. The State moved for partial summary judgment, arguing that Welch failed properly to exhaust his state court remedies with regard to thirteen of the claims. The district court granted the motion, holding that Welch did not properly exhaust the thirteen claims in state court and that the claims were thus procedurally defaulted. The court later denied the remaining three claims on the merits and dismissed the petition.

The district court certified several issues for appeal, including whether Welch's *pro se* motion "for expanded [a]nd corrected findings and conclusion of [his] post-conviction appeal hearing" was sufficient to exhaust his claims properly under Iowa's appellate review process. The parties agree that if the district court erred in its conclusions on procedural default, then the case should be remanded for the district

court to address the merits of several claims in the first instance. The three claims already resolved on the merits were not certified for appeal.

## II.

An application for a writ of habeas corpus filed in federal court by a state prisoner "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To fulfill this requirement properly, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before presenting those issues in an application for habeas relief in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner is not required to pursue "extraordinary" remedies outside of the standard review process, but he "must seek the discretionary review of the state supreme court when that review is part of the ordinary and established appellate review process in that state." *Dixon v. Dormire*, 263 F.3d 774, 777 (8th Cir. 2001); *see O'Sullivan*, 526 U.S. at 847. A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims. *O'Sullivan*, 526 U.S. at 848.

Welch argues that he properly exhausted his state remedies when he filed, with the Supreme Court of Iowa, an appeal of the state district court's denial of his application for postconviction relief. The state supreme court transferred the appeal to the state court of appeals, but Welch asserts that the state supreme court retained jurisdiction over his appeal after the transfer. He argues that the ordinary and established appellate review process in Iowa did not require him to file an application for further review in the state supreme court after an adverse decision by the court of appeals. Therefore, Welch contends, he properly exhausted his state remedies as required by § 2254(b)(1)(A), even if his *pro se* motion is not construed as an application for further review in the supreme court.

Welch's contention misunderstands Iowa's "deflective appellate structure." *State v. Effler*, 769 N.W.2d 880, 883 (Iowa 2009). Under that system, a party wishing to appeal a ruling of an Iowa district court may appeal to the supreme court. Iowa R. App. P. 6.1(1) (2007)[3]; *see Effler*, 769 N.W.2d at 883. The supreme court may then choose to transfer any case (except a case in which state law grants that court exclusive jurisdiction) to the court of appeals. Iowa Code §§ 602.4102(2), 5103(3); Iowa R. App. P. 6.401(1) (2007); *see Effler* 769 N.W.2d at 883. "Once a transfer has been made, the supreme court no longer has jurisdiction of the matter, unless a party seeks further review of the court of appeals decision." *Effler*, 769 N.W.2d at 883; *see* Iowa Code § 602.4102(2). The supreme court regains jurisdiction only if it grants an application for further review. *Effler*, 769 N.W.2d at 883; Iowa Code § 602.4102(2), (4); *see* Iowa R. App. P. 6.402 (2007). Nothing in Iowa law indicates that an application for further review in the supreme court is an extraordinary measure outside of the state's established appellate review process. *Cf. Akins v. Kenney*, 410 F.3d 451, 454 (8th Cir. 2005) (analyzing Nebraska's appellate review process); *Dixon*, 263 F.3d at 779 (analyzing Missouri's appellate review process). Therefore, an Iowa prisoner whose appeal is deflected to the Iowa Court of Appeals must file an application for further review in the Supreme Court of Iowa to exhaust his claims properly in the state courts.

Welch next argues that even if he was required to petition for further review in the state supreme court, his *pro se* motion for expanded and corrected findings did constitute such a petition. He points out that the Supreme Court of Iowa and the Iowa Court of Appeals share a joint clerk's office, which received his motion, and that an order directing the State to file a response was styled, "In the Supreme Court of Iowa," and signed by a deputy clerk of the supreme court. He highlights that his motion referred to a desire for "further review," and says that the motion "strongly implies"

_____

[3]We cite the Iowa Rules of Appellate Procedure in effect at the time Welch filed his appeal.

that he claimed an "error of law," which is one ground for further review by the state supreme court under the Iowa rules. *See* Iowa R. App. P. 6.402(3)(a) (2007). He also notes that the motion mentions the court of appeals and gives the date of the adverse decision, as required by the Iowa rule governing applications for further review in the supreme court. *See* Iowa R. App. P. 6.402(4) (2007).

Welch contends that the federal habeas courts should make an "independent determination" as to whether the *pro se* motion was an application for further review in the state supreme court, rather than defer to the determination of the state courts that it was not. It is the prerogative of the state courts, however, to define and apply their procedural rules. Once the state courts have ruled, the *adequacy* of a state procedural bar is a federal question. *Beard v. Kindler*, 130 S. Ct. 612, 617 (2009). But the duty to scrutinize the application of state rules that bar the review of federal claims does not authorize the federal courts to recharacterize a State's procedural rulings under state law. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Like the district court, we conclude that the Iowa courts did construe Welch's *pro se* filing as a motion in the court of appeals rather than an application for further review by the supreme court. The motion was denied in an order styled "In the Court of Appeals of Iowa" and signed by that court's chief judge. This order reflects the state judiciary's judgment that Welch's motion did not constitute an application to the supreme court for further review under Iowa law. This determination is hardly surprising upon examination of the motion as a whole. Welch's motion for expanded and corrected findings states that "[t]*his* court ruled in favor of the ruling of the PCR courts [sic] ruling," and that "[m]y PCR attorney held *this* courts [sic] ruling for 9 days," thus indicating that the motion was directed to the same court that had just issued a ruling. And the envelope in which the motion was delivered was addressed to the "Iowa Court of Appeals."

Welch, therefore, never filed a proper application for further review by the Supreme Court of Iowa, and it is now too late for him to do so. *See* Iowa R. App. P. 6.402(2) (2007). He technically has exhausted his state remedies for the claims raised in his state postconviction petition, because it is clear that there is no state-law remedy still available. *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982). But he has not exhausted them *properly*; as a consequence of his failure to seek further review in the state supreme court, the claims are procedurally defaulted. *O'Sullivan*, 526 U.S. at 848; *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996).

This procedural bar "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default," *Gray*, 518 U.S. at 162, or some other reason to avoid the default rule. Welch does not argue that he can show cause and prejudice. Nor does he contend that enforcing the procedural default rule would result in "a miscarriage of justice" by denying relief to a prisoner who is "actually innocent," *see Murray v. Carrier*, 477 U.S. 478, 496 (1986), that Iowa's procedural requirement is not firmly established and regularly followed, *see James v. Kentucky*, 466 U.S. 341, 348 (1984), or that the state ground is otherwise inadequate. *See Lee v. Kemna*, 534 U.S. 362, 376 (2002).

Welch does briefly invoke provisions of the federal habeas corpus statute that excuse the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A) when "there is an absence of available State corrective process," 28 U.S.C. § 2254(b)(1)(B)(i), or "circumstances exist that render such process ineffective to protect the rights of the applicant." *Id*. § 2254(b)(1)(B)(ii). These provisions excuse the need for exhaustion of state remedies when, for example, an inordinate and unjustifiable delay renders the state's process ineffective to protect the petitioner's rights. *See Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997). Welch's reliance on § 2254(b)(1)(B) is misdirected in this case, however, because he has "exhausted" his claims in the courts of Iowa by failing to seek further review in the state supreme court within the allotted

time.  His petition was properly dismissed because the exhausted claims are procedurally defaulted.

*    *    *

The judgment of the district court is affirmed.

_____