**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 19 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO BELTRAN, | No. 09-55922 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-00367-VBF-PLA |
| v. | |
| DAVID L. RUNNELS, Warden; JEANNE S. WOODFORD, Director of Corrections, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted January 13, 2011[**]
Pasadena, California

Before: McKEOWN, W. FLETCHER, and CLIFTON, Circuit Judges.

Petitioner Francisco Beltran appeals the district court's order dismissing

with prejudice his 28 U.S.C. § 2254 petition for writ of habeas corpus. Petitioner

challenges his May 1, 2001, California state jury conviction of first degree murder,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

as affirmed by the California Court of Appeal. He argues that the introduction of prior inconsistent statements by two witnesses, who at trial recanted and claimed to have forgotten nearly everything about the murder, violated his rights under the Confrontation Clause. To grant the petition, we must find that the California Court of Appeal decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). Because it was not, and because Petitioner failed to object to the introduction of the prior inconsistent statements at trial, we affirm.

At trial, Petitioner failed to object to the introduction of the prior inconsistent statements made by Rodriguez or Espinoza. Under California law, a defendant waives a Confrontation Clause objection to the introduction of evidence by failing to make the objection at trial. *See People v. Burgener*, 62 P.3d 1, 28 (Cal. Ct. App. 2003). "Ordinarily, violation of 'firmly established and regularly followed' state rules . . . will be adequate to foreclose review of a federal claim." *Lee v. Kemna*, 534 U.S. 362, 376 (2002) (quoting *James v. Kentucky*, 466 U.S. 341, 348 (1984)). Although there are "exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate" to prevent federal review, *id.*, Petitioner has not suggested any reason why this is such a case.

Furthermore, even if federal review of this issue were not foreclosed, the California Court of Appeal decision was not contrary to or an unreasonable application of Supreme Court precedent. On several occasions the Supreme Court has upheld the introduction of the prior inconsistent statement of witnesses who claimed at trial not to remember the relevant events. *See, e.g.*, *United States v. Owens*, 484 U.S. 554 (1988); *California v. Green*, 399 U.S. 149 (1970). In one of those cases, as in this case, the witness's lack of memory appeared disingenuous. *Green*, 399 U.S. at 151-52 (witness, after making several statements to police about drug deal, testified at trial that he could not remember relevant events because he was on LSD at the time of the drug deal). More recently, in *Crawford v. Washington*, 541 U.S. 36 (2002), the Supreme Court "reiterate[d] that, when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." *Id.* at 60 n.9. The California Court of Appeal decision was not contrary to, or an unreasonable application of, these decisions.

**AFFIRMED.**

3