# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-70007

SHELTON DENORIA JONES,

Petitioner–Appellant,

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent–Appellee.

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-1825

Before PRADO, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Shelton Denoria Jones was convicted of capital murder and sentenced to death in Texas state court. In a state habeas corpus proceeding, Jones asserted that he was not afforded a fair trial because of the presence of uniformed police officers in the gallery during his trial. The Texas Court of Criminal Appeals (TCCA) concluded that this fair-trial claim was not timely filed, deemed the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-70007

claim to have been asserted in a successive application, and denied the claim without considering the merits. Jones then filed a habeas corpus petition in federal district court. The district court held that Jones's fair-trial claim was dismissed by the TCCA on an independent and adequate state-law ground and denied the petition without considering the claim's merits. The district court granted a certificate of appealability (COA), and Jones appealed. We vacate and remand.

## I

Jones was charged with murdering on-duty Houston police officer Bruno Soboleski, and Jones pleaded not guilty. Twelve to fifteen uniformed police officers attended the first day of the guilt–innocence phase of Jones's trial, and though the number varied thereafter, uniformed officers continued to attend each day of the trial. Jones's counsel made contemporaneous objections to the presence of the police officers, both on and off the record, but the objections were overruled. The jury convicted Jones of capital murder and sentenced him to death. The TCCA affirmed Jones's conviction and sentence on direct appeal.

On January 27, 1997, the TCCA appointed state habeas counsel for Jones. The order instructed counsel that an application for a writ of habeas corpus must be filed in the convicting court no later than the 180th day after the date of appointment. Because the 180-day deadline fell on Saturday, July 26, 1997, the deadline to file was the next business day, July 28, 1997.

On April 9, 1997, to allow Jones's counsel to comply with newly enacted filing deadlines under the Antiterrorism and Effective Death Penalty Act (AEDPA), the TCCA granted Jones "leave to file an incomplete application for writ of habeas corpus on or before April 24, 1997, with leave to file a supplemental and/or amended application before July 26, 1997." Because July 26 was a Saturday, the parties agree that the deadline was July 28. The order stated that "[a]ny incomplete application shall not be considered by the trial

2

court or this Court until the 180 day period for filing applicant's original application, and any extension of this period granted by the trial court, has elapsed" and that "[a]ny supplemented application shall be deemed an original, not a successor, application."

In accordance with the TCCA order, on April 23, Jones filed a skeletal habeas application. On July 25, 1997, Jones mailed an "Amended Application for Post-Conviction Writ of Habeas Corpus" (Amended Application). The Amended Application is stamped as filed on July 25, but a letter from the Harris County District Clerk's Office states that the Amended Application was received and filed on July 28. The Amended Application contained several grounds for relief but did not raise a claim based on the presence of uniformed police officers at the trial. Also on July 28, Jones filed a document entitled "Errata and Corrections to Amended Application for Post-Conviction Writ of Habeas Corpus" (Errata). It corrected various grammatical omissions and errors, but it also contained the entire text of Jones's fair-trial claim regarding the presence of uniformed police officers, which had been omitted, according to the Errata, because of a computer software error. Affidavits supporting the fair-trial claim were filed as part of the Amended Application because they were not affected by the computer issue.

On October 24, 1997, Jones moved to file a "Supplemental Application for Post-Conviction Writ of Habeas Corpus" (Supplemental Application) that combined the Amended Application and Errata into one document for ease of reading and comprehension. The Supplemental Application raised "no new claims or matters not previously raised in the" Amended Application or Errata. Several days later, the state trial court granted leave to file the Supplemental Application and ordered that "said supplemental application shall be deemed as an original part of the original and amended applications previously filed, and not as a successor application."

3

No. 14-70007

Years later, in 2005, the state trial court ruled on Jones's habeas application. By this time, a new the state district judge had succeeded the judge who presided in 1997, and the district attorney in 1997 had been succeeded by someone else as well. The State proposed findings of fact and conclusions of law that did not address the Errata, and the state trial court adopted these findings and conclusions, recommending that the TCCA deny relief on all of Jones's claims. As to the fair-trial claim, the trial court found that it "was newly presented in [the] October 24, 1997 supplemental application for writ of habeas corpus" and therefore "constitute[d] a subsequent application for writ of habeas corpus" under Texas Code of Criminal Procedure Article 11.071, § 5, without mentioning the Errata. The state trial court also found that Jones waived the fair-trial claim by failing to raise it on direct appeal. The trial court added that the officers' presence at Jones's trial was not inherently or actually prejudicial.

The TCCA adopted the state trial court's findings of fact and conclusions of law as to the claims raised in Jones's Amended Application.[1] As to the fair-trial claim regarding uniformed officers, the TCCA stated:

> This Court has also reviewed a document entitled "Supplemental Application for Post-Conviction Writ for Habeas Corpus Pursuant to Article 11.071 of the Texas Code of Criminal Procedure." Because this document was filed after the deadline provided for an initial application for habeas corpus, we find it to be a subsequent application. *See* Art. 11.071. We further find that the document fails to meet one of the exceptions provided for in Section 5 of Article 11.071 and, thus, have no authority to do anything other than dismiss this subsequent application as an abuse of the writ. In dismissing the subsequent application, we

---

[1] *Jones v. State*, Nos. WR-62,589-01, WR-62,589-02 (Tex. Crim. App. Oct. 26, 2005) (not designated for publication).

also expressly reject all findings and conclusions related to this
claim and deny any motions pending that relate to the claim.[2]

The TCCA's order made no reference to the Errata.

After further state habeas proceedings not relevant here, Jones filed a
federal habeas petition raising, among other claims, the fair-trial claim
regarding uniformed officers and a claim based on *Penry v. Lynaugh*.[3]  After
the parties each moved for summary judgment, the district court held that
federal habeas review of the fair-trial claim was barred because the TCCA
dismissed the claim based on an independent and adequate state procedural
rule.  The district court, however, did issue a COA on the fair-trial claim,
stating that "reasonable jurists could disagree as to whether Jones"
procedurally defaulted the claim.  The district court also granted relief on the
*Penry* claim but denied relief and COAs on all of Jones's other claims.

On appeal, this court vacated the COA as to the fair-trial claim.  We
explained that when a district court dismisses a claim on procedural grounds,
in order for a COA to issue, the district court must determine that jurists of
reason would find debatable whether (1) the claim is procedurally defaulted
*and* (2) the constitutional claim itself is valid.[4]  As the district court only made
the first finding and did not discuss the merits of the fair-trial claim, this court
remanded so the district court could make the second finding.[5]  We also
affirmed relief on the *Penry* claim, entitling Jones to a new sentencing
hearing.[6]

---

[2] *Id.*

[3] 492 U.S. 302 (1989).

[4] *Jones v. Stephens*, 541 F. App'x 399, 408-09 (5th Cir. 2013) (per curiam) (citing *Slack v. McDaniel*, 529 U.S. 473, 478, 484-85 (2000)).

[5] *Id.* at 410.

[6] *Id.* at 406-07.

No. 14-70007

On remand, the district court held that jurists of reason could find it debatable whether Jones's constitutional right to a fair trial was violated by the presence of uniformed officers at his trial and granted a COA on that claim.

## II

AEDPA governs our review of Jones's federal habeas claims, and he is not entitled to relief unless he is in state custody in violation of the federal Constitution or laws or treaties of the United States.[7] An application for a writ of habeas corpus shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[8]

However, we do not reach the merits of a claim that federal law has been violated if "the state court has based its rejection of the claim on a state procedural rule that provides an adequate basis for relief, independent of the merits of the claim."[9] The TCCA dismissed Jones's fair-trial claim on state procedural grounds because it construed the claim to have been first raised in the Supplemental Application "after the deadline provided for an initial

---

[7] 28 U.S.C. § 2254(a).

[8] 28 U.S.C. § 2254(d).

[9] *Hughes v. Quarterman*, 530 F.3d 336, 341 (5th Cir. 2008) (citing *Coleman v. Thompson*, 501 U.S. 722, 729-32 (1991)); *see also Cone v. Bell*, 556 U.S. 449, 465 (2009) ("It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment.") (internal quotation marks omitted); *Garza v. Stephens*, 738 F.3d 669, 675 (5th Cir. 2013) ("Federal review of the merits of a procedurally-barred claim is permitted, however, where the petitioner is able to 'demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law.'" (quoting *Hughes*, 530 F.3d at 341)).

application for habeas corpus."[10]   The TCCA determined that under Texas Code of Criminal Procedure Article 11.071, § 5, it had "no authority to do anything other than dismiss [the claim] as an abuse of the writ."[11]

The federal district court determined it could not consider Jones's fair-trial claim on the merits because it was bound by the TCCA's interpretation of Texas law and therefore that the claim was procedurally defaulted because it was dismissed in state habeas proceedings on an independent and adequate state ground.  While the district court is correct that a federal court may not question the interpretation of state law by the highest court of that state,[12] the independence and adequacy of a state procedural bar is itself a federal question that this court reviews de novo.[13]

## III

To be adequate, a state law ground "must have been 'firmly established and regularly followed' by the time" the state courts applied it to the petitioner.[14]  "If the state law ground is not firmly established and regularly followed, there is no bar to federal review and a federal habeas court may go to

---

[10] *Jones v. State*, Nos. WR-62,589-01, WR-62,589-02 (Tex. Crim. App. Oct. 26, 2005) (not designated for publication).

[11] *Id.*

[12] *Hortonville Joint Sch. Dist. No. 1 v. Hortonville Educ. Ass'n*, 426 U.S. 482, 488 (1976) ("We are, of course, bound to accept the interpretation of [the State's] law by the highest court of the State.").

[13] *Cone*, 556 U.S. at 465; *Wright v. Quarterman*, 470 F.3d 581, 586 (5th Cir. 2006) (citing *Rosales v. Dretke*, 444 F.3d 703, 707 (5th Cir. 2006)).

[14] *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (quoting *James v. Kentucky*, 466 U.S. 341, 348 (1984)); *accord Balentine v. Thaler*, 626 F.3d 842, 856 (5th Cir. 2010); *see also* BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 9B:29 (2014) ("The state procedural rule must have been sufficiently clear at the time of the default to have put the petitioner on notice of what conduct was required.").

the merits of the claim."[15]  "It is the petitioner's burden to demonstrate that the procedural bar is not regularly applied . . . ."[16]

If Jones had first raised his claim regarding uniformed officers in the Supplemental Application filed October 24, 1997, the TCCA's conclusion that the claim was not filed timely and that it did not meet any of the exceptions in Article 11.071 would constitute firmly established and regularly followed procedural rule.  However, the TCCA failed to consider and did not appear to be aware of the Errata, which was filed before the deadline for filing Jones's initial application.  Accordingly, our inquiry is whether a rule barring claims first raised in a document filed on or before the initial-application deadline but after the filing of an amended application was firmly established and regularly followed under Texas law.

The Director asserts that the language of the TCCA's April 9, 1997, order compels the conclusion that "[o]nce Jones filed his Amended Application, he subjected himself to the strictures of article 11.071, section 5 for subsequently filed applications.  That the Errata may have been filed within [the initial-application deadline] is therefore irrelevant."  Specifically, the Director argues that the April 9 order was merely articulating the same rule set forth by the TCCA in *Ex parte Medina*[17] and *Ex parte Kerr*,[18] that habeas applicants get "one bite at the apple," and the Errata was an attempt at a second.  These cases are inapposite.  In *Medina*, in an effort to change the TCCA's pleading requirements, appointed counsel intentionally filed an initial habeas application in a death-penalty case that contained virtually no facts in support

---

[15] *Rosales*, 444 F.3d at 707 (citing *Barr v. Columbia*, 378 U.S. 146, 149 (1964)).

[16] *Wright*, 470 F.3d at 586 (citation omitted).

[17] 361 S.W.3d 633 (Tex. Crim. App. 2011) (per curiam).

[18] 64 S.W.3d 414 (Tex. Crim. App. 2002).

of the claims.[19]  The TCCA held that the lack of factual support for the claims did not comply with the rules for an initial application, but notwithstanding the "one-bite-at-the-apple" rule, it appointed new counsel for the defendant to file an adequate application.[20]  Similarly, in *Kerr*, appointed counsel in a death-penalty case filed a document that challenged the constitutionality of the Texas habeas corpus statutory scheme but did not challenge Kerr's conviction or sentence.[21]  The TCCA held that the document did not constitute an initial application, but the court appointed new counsel to file another application and deemed that application timely.[22]

In the present case, there is no dispute that the Amended Application filed on July 25th was an "initial application" as it sought relief from the underlying judgment of conviction and death sentence and contained facts to support the claims made.  But the Amended Application's status as a valid initial application is not dispositive because the relevant question is whether there was a firmly established rule that barred Jones from raising the fair-trial claim in the timely filed Errata.  We cannot find such a firmly established rule.

The TCCA relied on Texas Code of Criminal Procedure Article 11.071, § 5 to dismiss the fair-trial claim.  Section 5(a) provides that, with exceptions not applicable here, "[i]f a subsequent application for a writ of habeas corpus is filed after filing an initial application, a court may not consider the merits of or grant relief based on the subsequent application."[23]  Section 5(f), which became effective in 1999, further provides that "[i]f an amended or supplemental application is not filed within the time specified [for filing an

---

[19] *Medina*, 361 S.W.3d at 635.

[20] *Id*. at 642-43.

[21] *Kerr*, 64 S.W.3d at 419-20.

[22] *Id*. at 419-20.

[23] TEX. CODE CRIM. PROC. ANN. art. 11.071, § 5(a).

initial application], the court shall treat the application as a subsequent application under this section."[24]    Section 5, however, "does not explicitly address an applicant's right to amend an application or to file supplemental applications after an initial application has been filed"[25] and thus does not explicitly address whether a document filed after the initial application but before the filing deadline is a "subsequent" application.    While we have held that "since 1994, the Texas abuse of the writ doctrine [codified in Article 11.071, § 5(a)] has been consistently applied as a procedural bar, and that it is an independent and adequate state ground,"[26] we have done so in cases in which the doctrine was applied to habeas applications filed after the deadline for filing the initial application.[27]

Decisions of the TCCA further indicate that there is no firmly established and regularly followed rule barring claims raised in the unique posture of the Errata.    For example, the TCCA has rejected documents filed by a habeas applicant "which purport to be motions to amend the original petition for habeas corpus" because "an *untimely* amendment adding new claims is not allowed under Article 11.071."[28]    The TCCA has also rejected a petitioner's attempt to supplement his habeas application because the "filing was an

---

[24] *Id.* § 5(f); *accord* GEORGE E. DIX & JOHN M. SCHMOLESKY, 43B TEXAS PRACTICE SERIES, CRIMINAL PRACTICE AND PROCEDURE § 58:69 (3d ed. 2014).

[25] 43B DIX & SCHMOLESKY, *supra*, § 58:69.

[26] *Reed v. Stephens*, 739 F.3d 753, 766 (5th Cir. 2014) (quoting *Hughes v. Quarterman*, 530 F.3d 336, 342 (5th Cir. 2008)) (internal quotation marks omitted).

[27] *E.g.*, *id.* at 762-63, 766 & n.4 (holding that, as applied to a third state habeas petition filed over three years after the TCCA denied the first habeas petition, the abuse of the writ doctrine was an independent and adequate state ground); *Balentine v. Thaler*, 626 F.3d 842, 844-45, 856-57 (5th Cir. 2010) (same as applied to second habeas petition filed about eight and a half years after initial habeas petition was filed); *Hughes*, 530 F.3d at 340-42 (same as applied to second habeas petition filed over four years after initial habeas petition).

[28] *Ex parte Medina*, 361 S.W.3d 633, 637 (Tex. Crim. App. 2011) (per curiam) (emphasis added).

'*untimely* supplement' to the initial application" that did not comply with Article 11.071.[29]  These cases appear to leave open the possibility that had the supplemental documents been timely filed, the Texas courts would not necessarily be barred from considering them.

Likewise, in referring to Jones's Supplemental Application that combined the Amended Application and the Errata, the TCCA said: "*Because this document was filed after the deadline provided for an initial application for habeas corpus*, we find it to be a subsequent application."  This language suggests that if the TCCA had been aware of and considered the timely filed Errata as the first document raising the fair-trial claim, it would not have held it to be a subsequent application.

Therefore, we cannot say that Jones's fair-trial claim, raised in the Errata prior to the initial application deadline, was procedurally barred pursuant to a firmly established and regularly followed rule.  The Director has pointed to no Texas statute or case that compels us to hold otherwise.  The procedural bar was thus inadequate, and federal courts may review the merits of Jones's claim regarding the presence of uniformed police officers in the gallery during his trial.[30]  Accordingly, we remand to the district court to evaluate Jones's fair-trial claim on the merits.[31]

\*    \*    \*

---

[29] *Ex parte Graves*, 70 S.W.3d 103, 106 (Tex. Crim. App. 2002) (emphasis added).

[30] *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) ("[O]nly a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review by this Court of a federal constitutional claim.") (quoting *James v. Kentucky*, 466 U.S. 341, 348-51 (1984)); *Woodfox v. Cain*, 609 F.3d 774, 822 (5th Cir. 2010) ("A novel state procedural rule, inconsistently applied, and about which a litigant might have no knowledge, cannot be used to block review in federal court of [a] constitutional claim.").

[31] *Rosales v. Dretke*, 444 F.3d 703, 710 (5th Cir. 2006) (vacating the district court's decision holding the state's procedural bar of a *Batson* claim to be independent and adequate, and remanding for a determination of the claim on the merits).

We VACATE the decision of the district court dismissing Jones's fair-trial claim regarding uniformed officers and REMAND for further proceedings consistent with this opinion.