

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2015 JUN 29 AM 9: 37

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | DIVISION ONE |
| | ) | |
| Respondent, | ) | No. 71654-9-I |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| GARY TIMOTHY MCCALLUM, | ) | |
| | ) | |
| Appellant. | ) | FILED: June 29, 2015 |
| | ) | |

DWYER, J. — Following a jury trial, at which he did not testify, Gary McCallum was convicted of assault in the second degree. On appeal, McCallum contends that the trial court was required, on its own initiative, to instruct the jury that McCallum was not required to testify and that the jury was not permitted to draw a negative inference from his choice not to testify. Because the law imposes no such duty on the trial judge, we affirm.

I

McCallum was charged by second amended information with one count of assault in the second degree and one count of malicious mischief. A jury trial commenced on October 25, 2010. McCallum did not testify. The State submitted a packet of 17 proposed jury instructions and a verdict form. The defense did not propose any jury instructions or take exception to any of the

instructions that were proposed by the State. The court gave the 17 instructions that were proposed by the State.

The jury returned a guilty verdict on the second degree assault charge and a not guilty verdict on the malicious mischief charge. McCallum was sentenced to 5 months in custody with work release, if eligible.

II

When a defendant does not testify at trial, he may request, and the court must then give, an instruction to the jury directing the jury to not draw an adverse inference from the absence of his testimony. McCallum contends that, even absent a request from him, the trial court was constitutionally required to give such an adverse inference instruction to the jury. His contention is contrary to both federal and state law.

This issue is long-settled under federal law. In Carter v. Kentucky, the Supreme Court held that "a state trial judge has the constitutional obligation, *upon proper request*, to minimize the danger that the jury will give evidentiary weight to a defendant's failure to testify" by giving an adverse inference instruction. 450 U.S. 288, 305, 101 S. Ct. 1112, 67 L. Ed. 2d 241 (1981) (emphasis added). Throughout its opinion, the Court explicitly limited the trial court's obligation to situations in which an adverse inference instruction was requested. For example, in explaining its purpose for accepting review of the case, the Court stated, "We granted certiorari to consider the petitioner's contention that a defendant, *upon request*, has a right to such an instruction." Carter, 450 U.S. at 289-90 (emphasis added). Furthermore, after discussing

relevant precedent, the Court concluded, "The principles enunciated in our cases . . . lead unmistakably to the conclusion that the Fifth Amendment requires that a criminal trial judge must give a 'no-adverse-inference' jury instruction *when requested by a defendant* to do so." Carter, 450 U.S. at 300 (emphasis added). The Court also related the defendant's right not to testify to the trial court's obligation to protect that right upon proper request, stating, "A trial judge has a powerful tool at his disposal to protect the constitutional privilege—the jury instruction—and he has an affirmative constitutional obligation to use that tool *when a defendant seeks its employment.*" Carter, 450 U.S. at 303 (emphasis added). Finally, the Court stated in summary that, "the failure to limit the jurors' speculation on the meaning of [a defendant's] silence, *when the defendant makes a timely request* that a prophylactic instruction be given, exacts an impermissible toll on the full and free exercise of the privilege." Carter, 450 U.S. at 305 (emphasis added).

Three years later, the Supreme Court reiterated that, in order to be entitled to an adverse inference instruction, a defendant must "adequately invoke[] his substantive right to [such] jury guidance." James v. Kentucky, 466 U.S. 341, 348, 104 S. Ct. 1830, 80 L. Ed. 2d 346 (1984). In so holding, the Court specifically cited to Carter, which it repeatedly cited for the proposition that a trial court is required to give an adverse inference instruction only if the defendant makes a timely request. James, 466 U.S. at 342, 344, 349 ("In Carter . . . we held that a trial judge must, *if requested to do so,* instruct the jury not to draw an adverse inference from the defendant's failure to take the stand. . . . In Carter we

held that, in order fully to effectuate the right to remain silent, a trial judge must instruct the jury not to draw an adverse inference from the defendant's failure to testify *if requested to do so*. . . . Carter holds that *if asked to do so* the trial court must tell the jury not to draw the impermissible inference." (emphasis added)).[1]

State law accords with federal law on this issue. See State v. Pavelich, 153 Wash. 379, 380, 279 P. 1102 (1929) ("In this case, . . . no request was made for any such instruction. Appellants merely excepted to the failure of the court of its own motion to give such an instruction. This was not sufficient to save such error."); see also State v. Jeffries, 105 Wn.2d 398, 423, 717 P.2d 722 (1986) (extending the rule—that the defendant must request an adverse inference instruction—to the penalty phase of an aggravated murder prosecution); State v. Goldstein, 65 Wn.2d 901, 903-04, 400 P.2d 368 (1965) ("[T]he court is not required to give such an instruction unless requested . . . ."); State v. Zupan. 155 Wash. 80, 97, 283 P. 671 (1929) ("Appellant complains that the court did not instruct the jury that no inference of guilt should arise against appellant because of his failure to testify. The court was not required to give such instruction unless requested.").

---

[1] McCallum purports to rely on Lakeside v. Oregon, 435 U.S. 333, 340-41, 98 S. Ct. 1091, 55 L. Ed. 2d 319 (1978), in which the Supreme Court held that "the giving of [an adverse inference] instruction over the defendant's objection does not violate the privilege against compulsory self-incrimination." However, the Court also stated therein that "each State is, of course, free to forbid its trial judges from [giving a cautionary adverse inference instruction over a defendant's objection] as a matter of state law." Lakeside, 435 U.S. at 340. Because the Lakeside Court made clear that a trial court may be prohibited by law from giving the jury an adverse inference instruction absent a proper request by the defendant, that case cannot be read to support McCallum's contention that the trial court was *constitutionally* required, absent any request from him, to give the jury an adverse inference instruction.

A trial court is not required to give an adverse inference instruction absent a timely request by the defendant. Here, there was no such request. Accordingly, there was no error.

Affirmed.

Dwyer, J.

We concur:

Trickey, J.                    Leach, J.