F I L E D
United States Court of Appeals
Tenth Circuit

JUN 6 2000

PATRICK FISHER
Clerk

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

MICHAEL E. WELCH,

          Petitioner-Appellant,

v.

CITY OF PRATT, KANSAS;
ROBERT J. SCHMISSEUR,
District Judge, Pratt County, Kansas;
RAY MCGUIRE, Sheriff of Pratt
County, Kansas; ATTORNEY
GENERAL OF KANSAS,

          Respondents-Appellees.

No. 99-3273

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 99-CV-3047)**

---

Submitted on the briefs:

Michael S. Holland of Holland and Holland, Russell, Kansas, for
Petitioner-Appellant.

Jared S. Maag, Assistant Attorney General, Topeka, Kansas, for
Respondents-Appellees.

---

Before **TACHA** , **EBEL** , and **BRISCOE** , Circuit Judges.

---

**EBEL** , Circuit Judge.

Petitioner Michael E. Welch was convicted in a Kansas state court of driving under the influence of alcohol. Following affirmance of his conviction on direct appeal, petitioner filed this action in the district court seeking a writ of habeas corpus under 28 U.S.C. § 2254. The district court denied the petition and denied his request for a certificate of appealability under 28 U.S.C. § 2253(c). Petitioner appeals and asks this court for a certificate of appealability on two issues focusing on his jury instructions: the instructions given did not adequately protect his constitutional right not to testify; and the instructions contained an impermissible presumption and the evidence was otherwise insufficient to support his conviction. We conclude that petitioner has made substantial showings of the denial of constitutional rights, and we grant him a certificate of appealability on both issues. *See id.* Nonetheless, we agree with the district court that he is not entitled to habeas relief, albeit through somewhat different analyses than those used by the district court. We therefore affirm. [1]

The facts are not disputed. At 9:10 p.m. on March 8, 1996, a City of Pratt police officer stopped petitioner for driving in excess of the posted speed limit.

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

After observing several indications that petitioner was intoxicated, the officer arrested petitioner and took him to the Pratt Law Enforcement Center, where petitioner agreed to take a breath test. The test was administered at 10:08 p.m. and showed petitioner's blood alcohol content to be .147, which was above the legal limit of .08. A jury convicted petitioner of driving under the influence of alcohol in violation of City of Pratt Municipal Ordinance 30(a)(2), and petitioner was sentenced, inter alia, to six months in the county jail, a fine of $1,000, and a year on probation after serving ten consecutive days in the county jail (apparently with the remaining six months suspended). The Kansas Court of Appeals affirmed on direct appeal, and the Kansas Supreme Court denied review. Petitioner then brought this habeas action alleging that his conviction was unconstitutional for two reasons, both of which he re-urges on appeal.

**I**

Petitioner first contends that the jury instruction pertaining to his Fifth Amendment right not to testify at trial was constitutionally inadequate. The trial court gave the following instruction, taken from Kansas pattern instruction No. 52.13: "You should not consider the fact that the defendant did not testify in arriving at your verdict." Appellant's App. at H-150. Petitioner had requested that the following instruction be given instead:

It is the constitutional right of a defendant in a criminal trial that he may not be compelled to testify. The decision as to whether he should testify is left to the defendant acting on the advice and assistance of his attorney. You must not draw any inference of guilt from the fact he did not testify, and this fact must not be discussed by you or enter into your deliberations in any way. In deciding whether or not to testify, a defendant may choose to rely on the state of the evidence or upon the failure, if any, of the prosecution to prove every essential element of the charge against him. . . . *Carter v. Kentucky*, 450 U.S. 288, 303-304 . . . (1981); *United States v. [de ]Hernandez*, 745 F.2d 1305, 1309 (10th Cir. 1984).

Appellant's App. at G-149. Petitioner contends that the instruction given does not meet the requirement, established by *Carter*, that the jury be instructed that a defendant's silence cannot be used as an inference of guilt, nor the requirement, established by *de Hernandez*, that the jury be told that a defendant cannot be compelled to testify. We address the "no adverse inference" and "compulsion" aspects of his proposed instruction in turn.

The Fifth Amendment to the United States Constitution states that no person "shall be compelled in any criminal case to be a witness against himself." This prohibition on compulsory self-incrimination led the Supreme Court to hold that the Constitution "forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." *Griffin v. California*, 380 U.S. 609, 615 (1965). In *Carter*, the Court noted that "[e]ven without adverse comment, the members of a jury, unless instructed otherwise, may well draw adverse inferences from a defendant's silence." 450 U.S. at 301.

The Court therefore held that to further protect the Fifth Amendment privilege against compulsory self-incrimination, "a state trial judge has the constitutional obligation, upon proper request, to minimize the danger that the jury will give evidentiary weight to a defendant's failure to testify." *Id.* at 305. The Court stated that this obligation "requires that a criminal trial judge must give a 'no-adverse-inference' jury instruction when requested by a defendant to do so." *Id.* at 300. The instruction need not, however, be in any particular form nor in the form requested by the defendant. *See United States v. Gomez-Olivas*, 897 F.2d 500, 502 (10th Cir. 1990); *cf. James v. Kentucky*, 466 U.S. 341, 350 (1984) ("The Constitution obliges the trial judge to tell the jury, in an effective manner, not to draw the [adverse] inference if the defendant so requests; but it does not afford the defendant the right to dictate, inconsistent with state practice, how the jury is to be told.").

The instruction the trial court gave here told the jury "not [to] consider the fact that the defendant did not testify in arriving at your verdict." Though the instruction did not expressly tell the jury not to draw any adverse inferences, we agree with the district court that it sufficiently covered the substance of the *Carter* obligation in this regard. *See United States v. Castaneda*, 94 F.3d 592, 596 (9th Cir. 1996) (rejecting *Carter* challenge where jury instructed that "it is the government's burden to prove a defendant's guilt beyond a reasonable doubt and

-5-

that [t]he defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence") (quotation omitted); *United States v. Ladd*, 877 F.2d 1083, 1089 (1st Cir. 1989) (approving over *Carter* challenge instruction stating "the fact that the defendant does not [testify, explain, or present evidence] cannot even be considered by you in arriving at your verdict"); *United States v. Russo*, 796 F.2d 1443, 1454-55 (11th Cir. 1986) (approving instruction telling jury that "if a Defendant elects not to testify, you should not consider that in any way during your deliberations" as "broader and more beneficial to the [defendants] than their requested instruction" containing no-adverse-inference language). By instructing the jury not to consider petitioner's failure to testify in its deliberations, the jury was told not to draw any inferences, adverse or otherwise, or in any way to use his right to remain silent against him. We conclude that the instruction given at petitioner's trial satisfied the trial court's obligation under *Carter* to protect his constitutional right not to testify.

Turning to the compulsion aspect of petitioner's proposed instruction, we held in *de Hernandez* that the jury must be instructed, when the defendant so requests, that the defendant cannot be compelled to testify. *See* 745 F.2d at 1309. Petitioner asserts that the failure of the trial court's instruction to include the not-compelled-to-testify language required by *de Hernandez* violated his Fifth

Amendment right and entitles him to habeas relief.  [2]  Although the district court did not expressly address this argument in its order denying the petition, we find it unpersuasive. [3]

Petitioner filed his petition on February 8, 1999, and it is therefore subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  *See Lindh v. Murphy* , 521 U.S. 320, 327 (1997).  AEDPA amended the federal habeas corpus statute under which petitioner seeks relief, 28 U.S.C. § 2254, to provide that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . .

---

[2]  Our decision in  *de Hernandez*  was from a direct criminal appeal, and it is not entirely clear whether we determined that the Fifth Amendment required this instruction, or whether this court required it as an exercise of our supervisory power over the federal criminal process.  For present purposes, we will assume we held that the instruction was constitutionally mandated, as petitioner maintains.

[3]  We note that petitioner failed to comply with this court's rules requiring that he indicate in his brief the record reference showing where he raised each issue on appeal,  *see* 10th Cir. R. 28.2(C)(2), and that he provide a copy of his petition,  *see* 10th Cir. R. 10.3(C)(1), 30.1(A)(1).  However, because the district court noted that he raised this issue, although it did not expressly address it, we will consider the issue on appeal.

28 U.S.C. § 2254(d)(1); *see Williams v. Taylor*, 120 S. Ct. 1495, 1504 (2000). "[A]s the statutory language makes clear, . . . § 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 120 S. Ct. at 1523; *see also Sweeney v. Parke*, 113 F.3d 716, 718 (7th Cir. 1997) (noting that under AEDPA, "we are no longer permitted to apply our own jurisprudence, but must look exclusively to Supreme Court caselaw in reviewing a petitioner's claim"); *accord O'Brien v. DuBois*, 145 F.3d 16, 20 (1st Cir. 1998); *Moore v. Calderon*, 108 F.3d 261, 264 (9th Cir. 1997). Further, clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions." *Williams*, 120 S. Ct. at 1523.

In holding that courts must give the not-compelled-to-testify instruction in *de Hernandez*, we relied heavily on the Court's opinion in *Carter*, and noted that the defendant's requested instruction in *Carter* had included such language. *See de Hernandez*, 745 F.2d at 1309. However, we explained that *Carter* itself did not mandate that such an instruction including this language be given:

> We do not take the holding in *Carter* that the instruction requested should have been given to include necessarily the "not compelled to testify" element. . . . We however are of the view, as indicated, that for an instruction on this point to be complete it should include the compulsion aspect.

*Id.* Our decision in *de Hernandez* thus represents the Tenth Circuit's jurisprudence regarding instructions necessary to protect a defendant's Fifth

Amendment rights, but it does not reflect the Supreme Court's jurisprudence. The Supreme Court has never held that the compulsion element must be included in an instruction when requested. (Indeed, we are unaware of any decisions from our sister circuits expressly accepting, or rejecting, the position we took in *de Hernandez* .) Thus, while the trial court's failure to give petitioner's requested not-compelled-to-testify instruction may have violated Tenth Circuit law, it did not violate clearly established federal law as determined by the Supreme Court. Petitioner is therefore not entitled to habeas relief on this issue.

## II

Petitioner also contends that the evidence was insufficient to support his conviction under Pratt Municipal Ordinance § 30(a)(2) due to the improper use of a mandatory presumption. He points out, correctly, that there was no direct evidence, such as expert testimony, relating the results of his breath test back to the time he was driving to show that he was intoxicated while driving. He contends that his conviction resulted from a jury instruction creating an impermissible mandatory presumption that he was driving while intoxicated because he was intoxicated when the test was taken. He argues this mandatory presumption relieved the prosecution of its burden of proving all the elements of the offense beyond a reasonable doubt, and thus violated his right to due process.

-9-

*See Francis v. Franklin*, 471 U.S. 307, 313 (1985); *Sandstrom v. Montana*, 442 U.S. 510, 521-24 (1979).

The city ordinance in question, which tracks Kan. Stat. Ann. § 8-1567(a)(2), provides that "[n]o person shall operate or attempt to operate any vehicle within this city while . . . [t]he alcohol concentration in the person's blood or breath, as measured within two hours of the time of operating or attempting to operate a vehicle, is [.08] or more . . . ." Appellant's App. at K-164.[4] The corresponding jury instruction stated that the prosecution had to prove "[t]hat the defendant, while driving, had an alcohol concentration in his breath of .08 or more as measured within two hours of the time of operating the vehicle." *Id.* at I-155.

On direct appeal, the Kansas Court of Appeals addressed petitioner's argument as follows:

> Welch maintains that there was insufficient evidence to establish the alcohol concentration of his blood or breath while he was driving. At trial, the City presented evidence that Welch had consented to take a breath alcohol test, that the test was given within 1 hour of him driving the vehicle, and that the results showed that he had a breath alcohol concentration of .147. The officer who administered the breath test also testified as to what breath alcohol concentration was and that it related to the alcohol concentration in a person's bloodstream. Upon questioning by Welch's attorney, the officer said that he did not know with absolute certainty the alcohol

---

[4]   The copy of the ordinance contained in the appendix actually lists the critical alcohol concentration as .10, rather than .08, but the parties, the jury instructions, and the district court consistently refer to the critical concentration level as .08.

concentration in Welch's blood while he was operating the vehicle because he had not been there at the time, and that there might have been some change in the alcohol concentration between the time Welch was driving and the time the test was taken.

. . .

"It is common knowledge that a machine or process must be used to test blood or breath to determine whether a person's alcohol concentration exceeds the statutory limit." *State v. Larson*, 12 Kan. App. 2d 198, 202, 737 P.2d 880 (1987). The statutory limit in this case was .08. The natural effect of the lapse of time between the operation of the vehicle and the test can be readily understood and considered by jurors. The jurors could reasonably use the .147 test results, the other available evidence, and their common sense and experience to draw sufficient inferences to find Welch guilty of driving under the influence of alcohol.

*City of Pratt v. Welch*, No. 78,039, slip op. at 8-9 (Kan. Ct. App. Nov. 6, 1998) (unpublished). [5]

Petitioner's argument on appeal appears to challenge both the constitutionality of the ordinance itself and the jury instruction on the basis of the allegedly impermissible presumption. *See* Appellant's Br. at 12 ("[I]t is not constitutionally permissible for the legislature to mandate or this court to allow

---

[5] We cannot tell from the Kansas Court of Appeals' decision, or from the district court's decision for that matter, whether petitioner explicitly argued in those courts that the ordinance and instruction created an impermissible presumption. However, it is clear from the record petitioner raised this issue at trial, both in moving for a judgment of acquittal and in objecting to the jury instructions. Respondents have not argued that petitioner failed to exhaust, procedurally defaulted, or waived this issue, and we therefore consider it likely that he included it as part of his sufficiency-of-the-evidence arguments in those courts, as he has on appeal. We therefore will consider it.

-11-

a jury to presume that his breath alcohol concentration at 10:08 p.m. was his BAC while he operated (9:10 p.m.) the vehicle."). To the extent he argues that the ordinance is unconstitutional, we read the Kansas Court of Appeals' decision as interpreting both the ordinance and the instruction to allow, but not require, the jury to draw the inference from the test results that petitioner was intoxicated while driving. This interpretation avoids petitioner's constitutional challenge to the ordinance itself, since he does not argue that any permissive presumption is also improper. *See Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975); *Lustgarden v. Gunter*, 966 F.2d 552, 553 (10th Cir. 1992); *cf. New York v. Ferber*, 458 U.S. 747, 769 n.24 (1982) (state court's interpretation of state statute to avoid constitutional problem binding on federal courts). We therefore address only his challenge to the jury instruction. *Cf. Sandstrom*, 442 U.S. at 516-17 (noting that a state supreme court is "the final authority on the legal weight to be given a presumption under [state] law, but it is not the final authority on the interpretation which a jury could have given the instruction").

As we indicated, we read the Kansas Court of Appeals' decision as construing the instruction to allow a permissive inference or presumption. Petitioner contends that the instruction created a mandatory conclusive presumption.

> Inferences and presumptions are a staple of our adversary
> system of factfinding. It is often necessary for the trier of fact to

determine the existence of an element of the crime–that is, an "ultimate" or "elemental" fact–from the existence of one or more "evidentiary" or "basic" facts. . . . [I]n criminal cases, the ultimate test of any [presumption's] constitutional validity in a given case remains constant: the device must not undermine the factfinder's responsibility at trial, based on evidence adduced by the State, to find the ultimate facts beyond a reasonable doubt.

*County Court of Ulster County v. Allen*, 442 U.S. 140, 156 (1979) (citations omitted).

A "permissive presumption" allows, but does not require, the factfinder to determine the existence of an element of an offense from proof of one or more basic or evidentiary facts. *See id.* at 157. In contrast, a mandatory presumption "tells the trier [of fact] that he or they must find the elemental fact upon proof of the basic fact, at least unless the defendant has come forward with some evidence to rebut the presumed connection between the two facts." *Id.* "Because [a] permissive presumption leaves the trier of fact free to credit or reject the inference and does not shift the burden of proof, it affects the application of the 'beyond a reasonable doubt' standard only if, under the facts of the case, there is no rational way the trier could make the connection permitted by the inference," *id.*, an issue petitioner does not raise. Instead, petitioner contends that the instruction here created a mandatory conclusive presumption because it required the jury to find that he was intoxicated while driving based on the test results, and therefore did not merely shift the burden of production, but relieved the prosecution of its

-13-

burden of persuasion on this element of the offense. *See Francis*, 471 U.S. at 314 ("[Mandatory] presumptions violate the Due Process Clause if they relieve the State of the burden of persuasion on an element of an offense."); *cf. Ulster County Court*, 442 U.S. at 157 n.16 (explaining difference in effect between mandatory presumptions that merely shift the burden of production to defendant and those that entirely shift the burden of proof to defendant).

Whether the instruction created a permissible "permissive" presumption, as respondents argue and the Kansas court effectively found, or an impermissible mandatory presumption, as petitioner contends, depends on how the jury understood the instruction. *See Sandstrom*, 442 U.S. at 514. The question thus becomes "'whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quoting *Boyde v. California*, 494 U.S. 370, 380 (1990)); *see also Esquibel v. Rice*, 13 F.3d 1430, 1434 (10th Cir. 1994).

We conclude there is not. The instruction clearly told the jury that the prosecution had to prove that defendant, "*while driving*," had an alcohol concentration in his breath above the prescribed limit. The instruction further provided that the jury could consider test results indicating his alcohol concentration was above the limit, as long as the test was taken within two hours of the time of driving. The testing provision is a legislative determination

regarding the competency of evidence, *see State v. Pendleton*, 849 P.2d 143, 148 (Kan. Ct. App. 1993), but we do not believe it can be reasonably understood to require to jury to convict without considering whether petitioner was intoxicated while driving. Unlike the situation in *McLean v. Moran*, 963 F.2d 1306, 1308 (9th Cir. 1992), on which petitioner relies, the jury was not instructed to presume one fact from another, nor even told that it could do so. Rather, the instruction allowed the jury to infer from the test taken within two hours of when petitioner was driving what his blood alcohol level was while he was driving. The instruction thus created a permissive presumption and did not violate petitioner's due process rights. Viewing the evidence in the light most favorable to the prosecution, *see Foster v. Ward*, 182 F.3d 1177, 1194 (10th Cir. 1999), we conclude that the evidence was sufficient to support petitioner's conviction.

Petitioner's request for a certificate of appealability is GRANTED. The judgment of the district court is AFFIRMED.