**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

FRANCISCO ARCHIVALDO PADILLA,
*Defendant-Appellant.*

No. 09-10451

D.C. No.
2:86-cr-00272-
PGR-1

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, District Judge, Presiding

Argued and Submitted
December 8, 2010—San Francisco, California

Filed February 9, 2011
Amended May 6, 2011

Before: Procter Hug, Jr., Dorothy W. Nelson, and
M. Margaret McKeown, Circuit Judges.

Opinion by Judge McKeown

## COUNSEL

Dennis K. Burke, Randall M. Howe, and Joan G. Ruffennach, United States Attorney's Office, Phoenix, Arizona, for the plaintiff-appellee.

Thomas M. Hoidal, The Law Office of Thomas M. Hoidal, P.L.C., Phoenix, Arizona, for the defendant-appellant.

## ORDER

The Opinion filed February 9, 2011, slip op. 2455, and appearing at 633 F.3d 1177, is amended as follows:

1. At slip op. 2461, at the end of the first full paragraph under the subheading ANALYSIS, insert the following as a footnote: "If the defendant requests a *Carter* instruction and the district court declines to give the instruction, our review is typically de novo. *See United States v. Lopez*, 477 F. 3d 1110, 1113 (9th Cir. 2007). The circumstances here are somewhat different because the court did give an adequate instruction at the outset of the trial and now Padilla objects to the court not giving a second Carter instruction, even though he did not object to the instructions actually given at the conclusion of the trial. Even if we were to overlook this sequence of events and review the issue de novo, we would reach the same result."

With this amendment, the panel has voted to deny the petition for panel rehearing. Judge McKeown votes to deny the petition for rehearing en banc and Judges Hug and Nelson so recommend.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for panel rehearing and the petition for rehearing en banc are denied.

No future petitions for rehearing or rehearing en banc will be accepted.

## OPINION

McKeown, Circuit Judge:

The Supreme Court has articulated a hierarchy of protections to guarantee that the Fifth Amendment right to remain silent has practical meaning in a criminal trial. The principle that a defendant has the right to remain silent "unless he chooses to speak in the unfettered exercise of his own will" is well known. *Malloy v. Hogan*, 378 U.S. 1, 8 (1964). In a related vein, the exercise of the right to remain silent may not be considered as evidence of guilt. *Griffin v. California*, 380 U.S. 609, 613-15 (1965). By extension, in *Carter v. Kentucky*, the Court held that the trial judge has a constitutional obligation to give a "no-adverse-inference" instruction if properly requested. 450 U.S. 288, 305 (1981). We consider here whether the district court's preliminary instruction that the jury not consider the defendant's choice not to testify satisfies the court's constitutional obligation under *Carter*. We hold that it does under the circumstances of this case and affirm the conviction.

## I.  BACKGROUND

Francisco A. Padilla timely appeals the district court's judgment finding him guilty of Conspiracy to Import Marijuana (21 U.S.C. § 963); Importation of Marijuana (21 U.S.C. §§ 952(a) and 960); Conspiracy to Possess with Intent to Distribute Marijuana (21 U.S.C. §§ 846 and 841(b)(1)(B)); and Possession with Intent to Distribute Marijuana (21 U.S.C. § 841(b)(1)(B)). Padilla's first trial ended in a mistrial after the jury hung. At the second trial, the jury convicted Padilla.

On appeal, Padilla challenges the admission of testimony by several witnesses and claims prosecutorial error during closing argument. We address these issues in an unpublished memorandum disposition filed concurrently with this opinion and affirm the district court on each claim. This opinion

addresses Padilla's contention that the district court's failure to give a *Carter* admonition as part of the closing instructions requires reversal.

At the outset of the second trial, Padilla filed proposed jury instructions. Included among those instructions was an instruction entitled "Effect of Failure of Accused to Testify," essentially a *Carter* instruction:

> The law does not compel a defendant in a criminal case to take the witness stand and testify, and no presumption of guilt may be raised, and no inference of any kind may be drawn, from the failure of a defendant to testify.

> As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Before opening statements, the district court issued a number of preliminary jury instructions to the sworn jury, including the following: "The defendant has no burden to prove his innocence or present any evidence or testify. Since the defendant has the right to remain silent, the law prohibits you in arriving at your verdict from considering that the defendant may not have testified." The court went on to state: "The government must prove the defendant's guilt beyond a reasonable doubt."

At the conclusion of the evidence, the judge informed counsel that the court would give the same jury instructions as those issued in Padilla's first trial. The court was quite specific in its discussion of the instructions:

> THE COURT: Let the record show we are in chambers with counsel for the purpose of making a record.

This morning, prior to starting the trial, the court and counsel informally reviewed the requested jury instructions. And the result of that informal discussion was that the court would give the same instructions that were given at the original trial, with the substitution by the government of its conspiracy instructions and the addition of a flight instruction, requested by the government, as well as the deletion of the willfully — definition of willfully, except as it applies to the general instruction of conspiracy.

Is that a fair representation of our discussion and is that agreeable to the government?

[PROSECUTION]: That's fine with the government.

[DEFENSE]: It is, Your Honor.

The court went on to discuss an instruction withdrawn by the defense and then, as to "[t]he remaining instructions submitted by the defendant," stated that "the court felt [they] were either covered or—well, was there any other instructions that you wished to—"? Defense counsel quickly informed the court that he did not wish to request any further instructions.

In the court's final instructions to the jury, the judge reminded the jury that "[t]he defendant is presumed to be innocent, he does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt." Asked at the conclusion of the jury instructions whether there were any objections, Padilla's counsel did not object to the instructions given to the jury.

## II.  ANALYSIS

When a defendant properly requests a *Carter* instruction, the court must instruct the jury that it may not make any inferences based on the defendant's choice not to testify. *Carter*, 450 U.S. at 305. It is undisputed that Padilla's counsel requested a "no-adverse-inference" instruction before the trial began. Although the court did not give the exact instruction requested nor reiterate the instruction at the conclusion of the evidence, it did give a preliminary instruction that included the gist of the *Carter* admonition. This appeal presents two questions: whether the preliminary instruction was sufficient under *Carter* and, if so, whether Padilla was entitled to a second *Carter* instruction as part of the final set of instructions. Because Padilla's counsel failed to object to the jury instructions at trial, we review for plain error. *See* Fed. R. Crim. P. 52(b); *see also United States v. Soto*, 519 F.3d 927, 930 (9th Cir. 2008).[1]

### A.  THE SUFFICIENCY OF THE PRELIMINARY JURY INSTRUCTIONS

[1] The Supreme Court instructs that a court must honor a defendant's proper request for a *Carter* instruction in order "to minimize the danger that the jury will give evidentiary weight to a defendant's failure to testify." *Carter*, 450 U.S. at 305. However, "[a] defendant is not entitled to any particular form of instruction," and the district court may in its discretion issue jury instructions in the words of its choosing.

---

[1]If the defendant requests a *Carter* instruction and the district court declines to give the instruction, our review is typically de novo. *See United States v. Lopez*, 477 F. 3d 1110, 1113 (9th Cir. 2007). The circumstances here are somewhat different because the court did give an adequate instruction at the outset of the trial and now Padilla objects to the court not giving a second Carter instruction, even though he did not object to the instructions actually given at the conclusion of the trial. Even if we were to overlook this sequence of events and review the issue de novo, we would reach the same result.

*United States v. Lopez-Alvarez*, 970 F.2d 583, 597 (9th Cir. 1992).

We have considered the form of the *Carter* instruction on two prior occasions. In *United States v. Castaneda*, the following instruction was deemed sufficient under *Carter*: "the defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence." 94 F.3d 592, 596 (9th Cir. 1996) (internal quotations omitted). We reasoned that "the instruction sufficiently covered the substance of [the defendant's] proposed instruction: the defendant's failure to testify does not lessen the government's burden to prove its case." *Id.* The opinion goes on to state that the error was harmless because the jury was told during voir dire that "an accused cannot be compelled to testify, and if he exercises that right, you cannot allow that to affect your determination of the issues." *Id.* (internal quotations omitted).

More than ten years after *Castaneda*, in *Soto* we observed that "*Castaneda* is not a model of clarity" as to which ground serves as the basis of the opinion. 519 F.3d at 931; *see also People v. Evans*, 72 Cal. Rptr. 2d 543, 546 (Ct. App. 1998) ("[T]he [*Castaneda*] opinion is not entirely clear as to the grounds on which the court rested its decision."). Although the defendant in *Soto* asked for a *Carter* instruction—albeit orally at the close of trial and long after the submission deadline—we held that any error in failing to give the instruction was harmless error and thus *Soto* did not require us to parse *Castaneda*. 519 F.3d at 931-32. We are mindful of Judge Gould's concurrence in *Soto* that *Castaneda* may have been wrongly decided and "should be revisited through our en banc process." *Id.* at 936 (Gould, J., concurring). Judge Gould took the position that the bare bones instruction in *Castaneda* was insufficient. He wrote that "the Supreme Court dismissed an almost identical 'presumption of innocence' jury instruction." *Id.* (citing *Carter*, 450 U.S. at 304). Nor did Judge Gould embrace the suggestion that an adverse inference instruction during voir dire was sufficient. *Castaneda*, 519

F.3d at 936 n.1. We agree that *Castaneda* is troublesome in many respects, but this case does not present the appropriate opportunity to revisit *Castaneda*. In light of the more expansive instruction provided in Padilla's case—one that conforms to the Supreme Court's dictate in *Carter*—we need not confront the potential difficulties posed by *Castaneda*.

**[2]** The instructions in Padilla's trial went beyond the admonitions regarding the presumption of innocence and the right not to testify; instead they included an additional instruction that in arriving at a verdict the jury could not "consider[ ] that the defendant may not have testified." At least four other circuits have held similar instructions, referring to the prohibition on *considering* the choice not to testify, sufficient under *Carter*. *See United States v. Barraza Cazares*, 465 F.3d 327, 332 (8th Cir. 2006) (instructions not to consider defendant's failure to testify sufficient under *Carter*); *Welch v. City of Pratt*, 214 F.3d 1219, 1220-22 (10th Cir. 2000) (instruction that jurors "should not consider the fact that the defendant did not testify in arriving at [a] verdict" adequate under *Carter*); *United States v. Ladd*, 877 F.2d 1083, 1089 (1st Cir. 1989) (instruction that "the fact that the defendant does not [testify] cannot even be considered by you in arriving at your verdict" sufficient under *Carter*); *United States v. Russo*, 796 F.2d 1443, 1454-55 (11th Cir. 1986) (instruction that "if a Defendant elects not to testify, you should not consider that in any way during your deliberations" adequate under *Carter*).

**[3]** Like other circuits, we do not read *Carter* to require the precise instruction requested by the defendant. *See United States v. Imran*, 964 F.2d 1313, 1317 (2d Cir. 1992); *Ladd*, 877 F.2d at 1089. Rather, *Carter* requires an instruction adequate to inform jurors of their obligation to draw no adverse inference from the defendant's choice not to testify. *See Carter*, 450 U.S. at 305; *see also James v. Kentucky*, 466 U.S. 341, 350 (1984) ("The Constitution . . . does not afford the defendant the right to dictate, inconsistent with state practice, how the jury is to be told [that it may not draw an adverse

inference from a defendant's choice not to testify].”). We conclude that the instructions given here, including the admonition that “the law prohibits you in arriving at your verdict from considering that the defendant may not have testified,” are sufficient to put the jury on notice of its obligation to draw no adverse inference, thereby “minimiz[ing] the danger” that the jury will penalize the defendant for exercising his Fifth Amendment right not to testify. *See Carter*, 450 U.S. at 305.

## B. THE TIMING OF THE JURY INSTRUCTIONS

**[4]** Having concluded that the district court gave a sufficient *Carter* instruction, the dispute now shifts to a question of timing. Padilla argues that the failure to provide the *Carter* instruction at the conclusion of the evidence constitutes plain error. In essence, Padilla argues for a second *Carter* instruction. The Supreme Court in *Carter* said nothing about the timing of the instruction and certainly gave no indication that duplicate instructions were required. As a general matter, we follow the rule that a defendant is not “entitled to an instruction that merely duplicates what the jury has already been told.” *Lopez-Alvarez*, 970 F.2d at 597. In this case, not only was the language of the preliminary *Carter* instruction sufficient, the timing—after the jury was sworn—was sufficient to pass constitutional muster.

**[5]** The significance of the sworn jury is well established. When a jury is sworn, it is entrusted with the obligation to apply the law, and we in turn presume that juries follow instructions given to them throughout the course of the trial. *See Richardson v. Marsh*, 481 U.S. 200, 211 (1987). In light of the attachment of jeopardy, the jury's oath has been referred to as the start of the “actual trial.” *United States v. Dilg*, 700 F.2d 620, 624 (11th Cir. 1983); *see also Crist v. Bretz*, 437 U.S. 28, 37-38 (1978) (jeopardy attaches when jury is sworn). Other decisions have similarly pinpointed the jury's oath as the essential moment with respect to constitutionally required instructions. *See United States v. Davila-Nater*, 474

F.2d 270, 284-85 (5th Cir. 1973) (presumption of innocence instructions given before testimony and alluded to during final jury charge do not constitute reversible error). And in *Soto*, where the court gave the *Carter* instruction only during voir dire, we held only that any error in failing to issue a *Carter* instruction at the close of evidence was harmless beyond a reasonable doubt. 519 F.3d at 929-30. *See also United States v. Payne*, 944 F.2d 1458, 1465 n.5 (9th Cir. 1991) (giving presumption of innocence instructions only prior to the jury's being sworn does not necessarily constitute reversible error). *But see Dilg*, 700 F.2d at 624-25 (issuing the presumption instruction only before the jury is sworn constitutes reversible error).

**[6]** A trial court has substantial discretion in formulating jury instructions. *Arizona v. Johnson*, 351 F.3d 988, 994 (9th Cir. 2003) ("A trial judge, as governor of the trial, enjoys wide discretion in the matter of charging the jury.") (internal citations and quotations omitted); *see also United States v. Rewald*, 889 F.2d 836, 865 (9th Cir. 1989) (trial court's discretionary authority includes the timing of admonishments and instructions to the jury). The analysis of whether the timing or omission of a particular jury instruction constitutes reversible error "must be based on the individual circumstances of the particular case." *See Payne*, 944 F.2d at 1464. Here, the court instructed the sworn jury that it could not consider the defendant's choice not to testify only four days before deliberations began. At the conclusion of the trial, the defense failed not once but twice to request an additional *Carter* instruction when specifically invited to propose instructions or object. The court reminded the jury in its final charge that the defendant had no obligation to testify, and notably nothing in the prosecution's closing argument implicated or undermined this constitutional right. Under these circumstances, not giving a duplicate *Carter* instruction at the close of evidence can hardly be characterized as plain error.

**AFFIRMED.**