**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50003 |
| Plaintiff - Appellee, | DC No. 3:12 cr-1278 BTM-6 |
| v. | |
| KENDRICK GREEN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, District Judge, Presiding

Argued and Submitted April 6, 2016
Pasadena, California

Before:    TASHIMA, SILVERMAN, and GRABER, Circuit Judges.

Kendrick Green appeals from his conviction for conspiracy to commit mail

and/or wire fraud, mail fraud, wire fraud, and conspiracy to launder monetary

instruments.  He also appeals his 36-month sentence of imprisonment.  We have

jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.** Green argues that the district court erred by denying his motion to suppress his statements and affidavit from an interview at the U.S. Attorney's Office. He contends that the government served him with a grand jury subpoena as a ruse to coerce him into making incriminating statements, although it never intended to call him before the grand jury.

We review de novo the voluntariness of a confession and for clear error the district court's factual findings underlying its determination of voluntariness. *United States v. Gamez*, 301 F.3d 1138, 1144 (9th Cir. 2002). A confession that, under the totality of the surrounding circumstances, was involuntarily given must be suppressed. *Doody v. Ryan*, 649 F.3d 986, 1008 (9th Cir. 2011) (en banc). Here, the district court did not clearly err in finding that the government did not employ any coercive or threatening acts to procure Green's statements. To the contrary, the record demonstrates that Green voluntarily made his statements after the government disclosed to Green that he was a target of the investigation and advised him of his rights. Green was also permitted to review and edit his affidavit; moreover, he was not in custody. We find no error in the district court's denial of Green's suppression motion.

**2.** Next, Green argues that the district court erred by instructing the jury on a co-schemer theory of liability, in addition to instructing it on *Pinkerton*

liability.  An instruction, even if erroneous, is subject to harmless error review.  *See*

*United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1197 (9th Cir. 2000) (en banc).

An error is harmless if it is clear beyond a reasonable doubt that a rational jury

would have found the defendant guilty absent the error.  *Id.*

Here, even assuming the court erred in giving the co-schemer instruction, we

conclude that the error was harmless.  At worst, the co-schemer instruction was

duplicative of the *Pinkerton* instruction:  had the jury relied on the co-schemer

instruction to convict Green of the mail and wire frauds perpetrated by his co-

schemers, it would have also necessarily found liability under *Pinkerton*.  Green

does not challenge the *Pinkerton* instruction, and the jury was properly instructed

on the government's burden of proof.  Moreover, the evidence that Green was

liable for mail and wire fraud as a principal was overwhelming.  Because it is clear

beyond a reasonable doubt that a rational jury would have found Green guilty of

mail and wire fraud even without the co-schemer instruction, any error was

harmless.[1]

---

[1] We reject Green's contention that the jury may have relied improperly on the co-schemer instruction to find him guilty of the conspiracy counts.  Juries are presumed to "follow instructions given to them throughout the course of the trial."  *United States v. Padilla*, 639 F.3d 892, 897 (9th Cir. 2011).  Because the co-schemer instruction expressly excluded the conspiracy charges against Green, we presume that the jury abided by such limitation.

**3.** Green argues that his mail fraud conviction must be reversed due to insufficient evidence that he caused the mails to be used in executing a scheme to defraud. *See United States v. Lo*, 231 F.3d 471, 475 (9th Cir. 2000).

"There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Magallon-Jimenez*, 219 F.3d 1109, 1112 (9th Cir. 2000). "[I]f the government shows that a defendant knows or can reasonably foresee that use of the mails will follow in the ordinary course of business, 'then he causes the mails to be used.'" *United States v. Serang*, 156 F.3d 910, 914 (9th Cir. 1998) (citation omitted). We conclude that there was sufficient evidence to support the mail fraud conviction based on the mailing of the Deed of Trust for the Meade #32 property. An employee from the San Diego County Recorder's Office testified that the first page of the deed contained an instruction to return the original to an address in Scottsdale, Arizona. Green signed this page and every other page of the 15-page deed. Prior to signing this deed, Green had also personally received several recorded documents via U.S. mail with a similar instruction to send the documents to him after they were recorded. Based on this evidence, a rational juror could find

beyond a reasonable doubt that Green knew, or reasonably could have foreseen, that the deed would be sent via U.S. mail.[2]

**4.** Finally, Green argues that his sentence was procedurally improper and substantively unreasonable. We first note that, although Green was released from custody on February 16, 2016, this issue is not moot because Green was also sentenced to and is currently on supervised release for three years. *See United States v. Verdin*, 243 F.3d 1174, 1178 (9th Cir. 2001) (holding that appeal of sentence was not moot after defendant completed his term of incarceration because he was in his "first year of a three-year term of supervised release, which could be affected upon resentencing").

**a.** It is procedural error for a district court to fail to consider the factors under 18 U.S.C. § 3553(a) in sentencing a defendant. *United States v. Fitch*, 659 F.3d 788, 796 (9th Cir. 2011). The district court did not procedurally err. The record as a whole reveals that the court reviewed the parties' papers, held

---

[2] Green also argues that his mail fraud conviction must be reversed because the mailing element cannot be established given that the only people who used U.S. mail (employees at the Recorder's Office) were not his co-schemers. The Supreme Court "long ago foreclosed the argument that the [mail] must be sent by a member of the scheme to defraud. . . . [I]t is not necessary to show that petitioners actually mailed or transported anything themselves; it is sufficient if they caused it to be done." *United States v. Green*, 592 F.3d 1057, 1069–70 (9th Cir. 2010) (internal quotation marks omitted).

an extensive hearing on the factors under § 3553(a), and provided a sufficient explanation of its individualized determination of Green's sentence. *See United States v. Carty*, 520 F.3d 984, 993–95 (9th Cir. 2008) (en banc).

**b.** The district court also did not impose a substantively unreasonable sentence. Green contends that his sentence was unreasonable because his co-defendant was sentenced to six months less than he was. This argument fails. "Disparity in sentences between codefendants is not sufficient ground to attack a proper guidelines sentence." *United States v. Crandall*, 525 F.3d 907, 915 n.9 (9th Cir. 2008) (alteration omitted) (quoting *United States v. Whitecotton*, 142 F.3d 1194, 1200 (9th Cir. 1998)). Green does not otherwise challenge the substantive reasonableness of his below-Guidelines sentence. Green's sentence was both procedurally proper and substantively reasonable.

· ● ·

The judgment of conviction and the sentence are **AFFIRMED.**

6