**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10037 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00304-RFB-VCF-1 |
| v. | |
| LATONIA SMITH, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted March 6, 2023[**]
Las Vegas, Nevada

Before: CLIFTON, BYBEE, and BENNETT, Circuit Judges.

Latonia Smith appeals her conviction of five counts of mailing threatening

communications pursuant to 18 U.S.C. § 876(c). Smith argues that the district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court erred in denying a mistrial, admitting evidence that was privileged or unfairly prejudicial, and instructing the jury.

We have jurisdiction under 28 U.S.C. § 1291. We find no reversible error in the district court's rulings. Accordingly, we affirm.

1. The parties are familiar with the facts in this case and we repeat them only as necessary. The district court "is in the best position to determine whether an incident merits a mistrial." *United States v. Lemus*, 847 F.3d 1016, 1025 (9th Cir. 2016) (quoting *United States v. Gardner*, 611 F.2d 770, 777(9th Cir. 1980)). We defer to the district court's decision regarding a mistrial and will reverse only if the district court abused that discretion. *See United States v. Sanford*, 673 F.2d 1070, 1073 (9th Cir. 1982).

Smith alleges that a mistrial was warranted for two reasons: First, Smith argues that the jury was prejudiced because one of the victims who received a threatening letter initially refused to answer questions about her children. However, this victim *did* eventually testify about these details in the presence of the jury. In addition, the district court gave the jury an instruction not to draw any inferences from the interruption. When a court gives a curative instruction, there is a "strong presumption" that the jury follows that instruction. *Lemus*, 847 F.3d at 1025 (quoting *United States v. Pavon*, 561 F.2d 799, 803 (9th Cir. 1977)). Finally,

the interrupted victim's testimony did not prejudice Smith because the evidence that Smith intended to threaten her victims was overwhelming. *See United States v. Nolan*, 700 F.2d 479, 485 (9th Cir. 1983) (concluding that there was "little question that the jury would have convicted [the defendant] regardless").

Second, Smith argues that the district court's evidentiary ruling caused defense counsel to make a "broken promise" to the jury. Defense counsel promised that the jury would hear evidence that one of the victims assaulted Smith, but after learning from the district court that this evidence could open the door to damaging rebuttal evidence, defense counsel elected not to introduce it. The record shows that the district court informed counsel that it would need to revisit its evidentiary rulings depending on what evidence was introduced and whether Smith took the stand. The district court also instructed the jury not to draw any conclusions from Smith's decision not to testify. *See United States v. Padilla*, 639 F.3d 892, 897 (9th Cir. 2011) (the appellate court should "presume that juries follow instructions given to them throughout the course of the trial").

The district court acted well within its judgment when it denied Smith's motion for a mistrial. Doing so was not an abuse of discretion.

2. Smith argues on appeal that the district court erred in its instructions to the jury. Because Smith did not object to this instruction, we review for plain

3

error.  *Johnson v. United States*, 520 U.S. 461, 466–67 (1997).  However, we need not reverse the conviction if "we still find beyond a reasonable doubt that the jury would have convicted [the defendant] even if it had been properly instructed." *United States v. Miller*, 953 F.3d 1095, 1103 (9th Cir. 2020).

At trial, the district court instructed the jury that it could find Smith guilty if it found that she "actually intended for the communication to be understood or perceived as a threat or believed that the communication would be understood or perceived as a threat to injure the receiver of the communication or another person."  After Smith's conviction, we decided *United States v. Bachmeier*, 8 F.4th 1059 (9th Cir. 2021).  *Bachmeier* held that conviction under § 876(c) requires that "the speaker . . . subjectively intend to threaten," and found that jury instructions similar to Smith's were erroneous.  *Id.* at 1064–65 (internal quotation and citation omitted).

However, there is overwhelming evidence that Smith intended to threaten her victims.  One of her letters specified that it was a "REAL THREAT."  Another message told the victim "Congratulations you have just been added to the hit list." A third letter told the victim, "Your throat will be slit," "You will be hunted to the ends of the earth," and "When you least expect it you will beg for your lives and your childrens [sic] lives."  Because Smith clearly intended to threaten, "there is no

reasonable possibility" that the district court's jury instructions "materially affected the verdict." *Bachmeier*, 8 F.4th at 1065 (internal quotations and citations omitted).

3. For the first time on appeal, Smith argues that an email she sent to Advanced Psychiatry was privileged. Because this issue was not raised below, we review only for plain error. *Johnson*, 520 U.S. at 466–67.

The party asserting the federal psychiatric-patient privilege bears the burden of showing that 1) the communication was sent to a licensed psychotherapist, 2) the communication was confidential, and 3) the communication was made in the course of diagnosis or treatment. *United States v. Romo*, 413 F.3d 1044, 1047 (9th Cir. 2005).

Here, Smith cannot establish that the communication was privileged because she failed to show that it was sent in the course of diagnosis or treatment. At trial, defense counsel explicitly disclaimed the argument that the email was privileged. Smith maintained that emails sent from her account could have come from other people. In fact, Smith's mother testified that "anyone" could have written it. Accordingly, the district court never determined that Smith was the sender, and instructed the jury that the district court made no finding as to the identity of the sender. Without providing information about the purpose of the email, the expectations of the sender, and the context in which it was sent, Smith cannot

5

establish that the email was privileged.  *Romo*, 413 F.3d at 1047.  The district court did not plainly err in admitting the Advanced Psychiatry email.

For the reasons stated above, we **AFFIRM** the judgment below.